IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | : | |
| Plaintiff, | : | |
| v. | : | Case No. 2:06-cr-0212 |
| Charles William Allen, Jr., | : | JUDGE GRAHAM |
| Defendant. | : | |

<u>ORDER</u>

On May 18, 2006, Magistrate Judge Mark R. Abel held a detention hearing in this case, following which he detained the defendant without bond pending trial.  Judge Abel's order, filed on May 19, 2006, noted that a presumption of detention had arisen because probable cause existed to believe that the defendant committed a serious drug offense.  Further, he fled from uniformed police officers in a marked cruiser, crashed into a parked car, had no fixed residence, did not have employment, and had a lengthy criminal record including felony drug abuse arrests.  Judge Abel also noted that the defendant failed to appear four times for court dates.  Consequently, Judge Abel concluded that there were no conditions of release which would guard against either a danger to the community or a risk of flight.

On September 13, 2006 the defendant filed a motion to reconsider that order.  The motion recited that the defendant would be allowed to reside at his mother's residence if released, could be subjected to electronic monitoring there, and had employment available to him.  The Court heard additional argument on the motion at the time of the defendant's arraignment and requested Pretrial Services to verify the new information

provided by the defendant.

In an addendum to the Pretrial Services Report dated September 27, 2006, the Pretrial Services Officer indicated that she had been able to contact the defendant's mother, who agreed that the defendant could reside with her.  However, she did not have a land line at her residence and her home is Section 8 housing.  It was unclear whether the defendant would legally be permitted to reside with his mother in Section 8 housing given the fact that he is subject to a felony indictment.  Further, the Pretrial Services Officer was unable to verify any employment.  Finally, it was learned that the Department of Youth Services would place a detainer on the defendant were he to be released on this charge because he was on parole when he committed the instant offense.  The Pretrial Services Officer continued to recommend that the defendant be held without bond.

The primary considerations involved in denying defendant bond initially were that there is a presumption of detention based upon the offense which he committed and that he had not come forward with sufficient evidence to rebut that presumption.  In particular, the fact that he was on parole when he committed this offense and that he has numerous arrests, both as a juvenile and an adult, for serious criminal activity indicate that he is not a good candidate for pretrial release.  The additional information which he provided does not assist him in overcoming the presumption.  It is still questionable whether he would be able to reside with his mother and his potential employment is not verified.  Further, his release by this Court would not result in his release from incarceration because the state authorities would place a parole detainer on him were he to be released.  Under all these circumstances, the Court sees no

reason to reconsider Judge Abel's original order. Consequently, the motion to reconsider (#13) is denied.

                                                  <u>/s/ Terence P. Kemp</u>
                                                  United States Magistrate Judge